UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. NATIONAL BANK ASSOCIATION | CIVIL ACTION |
| VERSUS | NO. 10-1990 |
| TOM FRANKLIN | SECTION "J" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, U.S. National Bank Association, originally filed this action in the 342nd Judicial District Court for Tarrant County, Texas. On July 19, 2010, defendant, Tom Franklin, appearing pro se and in forma pauperis, removed the case to this court. Record Doc. No. 1, Notice of Removal.

"An allegation of federal jurisdiction is required in a notice of removal." Rodriguez v. Transnave Inc., 8 F.3d 284, 289 (5th Cir. 1993) (citing Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988)); accord Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); Keller v. Peake, No. 07-892-C, 2008 WL 1743497, at *4 (M.D. La. Apr. 15, 2008) (citing Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001)). However, Franklin's notice of removal does not contain any jurisdictional allegation.

Pursuant to Fed. R. Civ. P. 11(c)(3), the court ordered Franklin to show cause why he should not be sanctioned and why his removal of this action from the state court in

Texas to this court does not violate Fed. R. Civ. P. 11(a) and (b), as provided in 28 U.S.C. § 1446(a), in that defendant's removal petition improperly (1) removes this action to this court rather than to the Fort Worth Division of the United States District Court for the Northern District of Texas, as required by 28 U.S.C. § 1441(a) et seq.; (b) fails to state any basis for federal subject matter jurisdiction in this court; and (c) fails to attach copies of all state court process, pleadings and orders, as required in 28 U.S.C. § 1446(a).

On July 26, 2010, defendant filed a response to the order. Record Doc. No. 4. In his Notice of Removal and his response, Franklin stated that he "is an individual who has (sic) owns a house in Fort Worth, Texas and [the] City of Fort Worth is illegally attempt[ing] to take it from him for racial and discriminatory reasons." Record Doc. Nos. 1 and 4, at p. 1. The Notice of Removal and defendant's response indicate that he is a citizen of Texas and that the property that is the subject of this lawsuit is located there, but none of the materials filed by Franklin contain any allegations concerning the citizenship of the plaintiff. If, for example, plaintiff is a national banking association, its citizenship for diversity purposes is the state in which it is located, 28 U.S.C. § 1348, which appears to be Texas, so that no diversity of citizenship would exist. His response does not address any of the court's questions in its prior show cause order.

Having considered the written submissions, the record and the applicable law, and for the following reasons, **IT IS RECOMMENDED** that this case be REMANDED to the state court in Texas.

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for <u>the district and division embracing the place where such action is pending</u>." 28 U.S.C. § 1441(a) (emphasis added). Thus, if this action is eligible to be removed, the statute authorizes Franklin to remove it from the state court in Tarrant County <u>only</u> to the Fort Worth Division of the United States District Court for the Northern District of Texas. <u>See</u> <u>id.</u> § 124(a)(1)(2) (Tarrant County is in the Fort Worth Division of the Northern District of Texas.). There is no legal authority to remove an action from state court in Texas to this court.

A removing defendant is also required to "file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." <u>Id.</u> § 1446(a).

It is axiomatic that this federal court is one of limited jurisdiction and must always be satisfied of its own subject matter jurisdiction. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999). "We are not free to pretermit the question. Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1945 (2009) (citation omitted).

As to subject matter jurisdiction in a removed case, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added).

Furthermore, Fed. R. Civ. P. 11 provides in pertinent part that,

> [b]y presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or <u>unrepresented party</u> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b) (emphasis added). Rule 11 clearly applies to pro se litigants. If "the court determines that Rule 11(b) has been violated, the court may impose an

4

appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Franklin has presented no basis in fact or law to remove this action to this court. Accordingly, this action has been improperly removed, this court has no basis for subject matter jurisdiction and this action must be remanded to the 342nd Judicial District Court for Tarrant County, Texas. 28 U.S.C. § 1447(c).[1]

In addition, pursuant to Fed. R. Civ. P. 11(c)(1) and 28 U.S.C. § 1447(c), I recommend that Franklin be assessed with all costs of these proceedings, including the filing fee that was previously waived when the court granted his application to proceed in forma pauperis.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that the court REMAND this matter to the 342nd Judicial District Court for Tarrant County, Texas for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the court assess defendant with all costs of these proceedings, including the filing fee that was previously waived.

---

[1] The option of transferring this action to the appropriate United States District Court, 28 U.S.C. §§ 1404(a), 1406(a), is not available in this case because there is no basis in the current record on which it could be determined that federal jurisdiction exists.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this __19th__ day of August, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.